UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:19-cv-02237 |
| ) | |
| $179,100.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Eric P. Babbs, Special Assistant United States Attorney, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action to forfeit property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Currency constitutes proceeds of, or is property used to facilitate, a violation of the Controlled Substances Act; and pursuant to 18 U.S.C. § 981(a)(1)(A) because the Defendant Currency is property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, the crime of Laundering of Monetary Instruments.

**PARTIES, JURISDICTION, AND VENUE**

2. The defendant property is One Hundred Seventy-Nine Thousand and One Hundred Dollars in United States Currency ($179,100.00 or "Defendant Currency") seized by the United States Department of Homeland Security, Homeland Security Investigations ("DHS-HSI" or "HSI"), on September 16, 2018.

3. The Defendant Currency has been assigned Asset Identification Number 18-CBP-

000516, and has been transferred to the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP").

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and §1355 (district courts have original jurisdiction of any action for forfeiture, and action can be brought in a district in which any of the acts giving rise to the forfeiture occurred).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

6. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b) in that the forfeiture accrued in the Southern District of Indiana.

**FACTS**

7. On September 16, 2018, David Waite was flying out of the Indianapolis International Airport with a Delta Airlines ticket to Los Angeles, California, en route to Sacramento, California.

8. During a routine screening of checked suitcases by Transportation Security Administration ("TSA") personnel, an x-ray alert identified Waite's checked suitcase as suspicious, which prompted TSA personnel to open and inspect Waite's suitcase. TSA personnel located a large amount of United States Currency contained in numerous separate envelopes within the suitcase. TSA personnel immediately contacted DHS-HSI. Less than one hour after being contacted, an HSI special agent and HSI task force officers arrived at the

baggage checkpoint area where Waite's suitcase was being held.

9. Before the special agent and task force officers arrived at the airport on September 16, 2018, HSI had already completed its criminal history queries of Waite. The results showed that Waite had several prior contacts with law enforcement and several convictions related to controlled substances. In 1996, Waite was convicted in the State of Connecticut of possession of marijuana or a controlled substance. In 2002, Waite was again convicted in the State of Connecticut of possession of marijuana or a controlled substance. In 2011, Waite was convicted in the State of California of two felonies – possession or purchase for sale of a narcotic or controlled substance, and possession for sale of marijuana – and was sentenced to 36 months of probation. In 2012, Waite was arrested in the State of California on new felony charges of possession or purchase for sale of a narcotic or controlled substance, and possession for sale of marijuana, and was later convicted of one or both of those charges.

10. It was also known to HSI that on October 26, 2017, Waite had traveled through the Indianapolis International Airport with approximately $55,000.00 in bulk cash inside of his carry-on luggage. On that date, Waite had told TSA personnel that the currency was to be used for purchasing a house but that he had changed his mind. Although HSI was notified, no enforcement action was taken at that time.

11. In addition, the United States Drug Enforcement Administration ("DEA") had provided HSI with intelligence information linking Waite to marijuana trafficking between California and New York. California, which was Waite's flight destination, is known by law enforcement to be a source state for marijuana and other controlled substances.

12. When Waite's suitcase was opened by TSA personnel, it contained children's clothing and billing and account notices directed to 541 Holdings LLC or Hanover Properties

LLC.    All of the billing and account documents were two to three years old, the most recent being dated in August of 2016.    The photographs below show the two accordion files and more than 25 manilla envelopes used to conceal the $179,100.00.





13.    One large accordion file contained numerous manilla envelopes, each of which contained at least two white letter-sized envelopes.   The white letter-sized envelopes contained stacks of rubber-banded twenty-dollar bills.   A second large accordion file also contained manilla envelopes.   Those envelopes were also found to contain white letter-sized envelopes, which in turn contained rubber-banded stacks of fifty-dollar and hundred-dollar bills.

14.    Based on the way the large amount of currency was packaged and concealed

inside of Waite's suitcase, Waite's criminal history related to controlled substances, Waite's history of traveling with large amounts of currency, the prior DEA intelligence, and the lack of any apparent connection between the documents in Waite's suitcase and the Defendant Currency, there was probable cause that the Defendant Currency was proceeds of or property used to facilitate a controlled substance offense, or was property involved in a money laundering transaction.   As a result, HSI seized the Defendant Currency.

15.   HSI placed a receipt for the currency in Waite's suitcase before the suitcase was released to Delta Airlines.   The airline placed the suitcase on a flight to Waite's destination in Sacramento, California.   When Waite arrived in the Los Angeles International Airport for his connecting flight to Sacramento, he was met by HSI-Los Angeles Special Agents, who provided Waite with a copy of the receipt for the seized currency.   Waite declined to provide the agents any further information regarding the seized currency.

16.   On September 17, 2018, a narcotics detection canine handled by a task force officer with the Greenfield Police Department was called to conduct an open air sniff of the Defendant Currency.   The Defendant Currency, stored in an evidence bag, was placed in a room at the HSI Indianapolis office in a location unknown to the canine's handler.   The canine subsequently gave a positive alert to the odor of a controlled substance on the location of the bag with the Defendant Currency.

17.   The Defendant Currency was in the sum of $179,100.00 in the following denominations:

| Denomination | Count | Amount |
|---|---|---|
| $20 | 4,700 | $94,000.00 |
| $50 | 100 | $5,000.00 |
| $100 | 801 | $80,100.00 |
| Total: | | $179,100.00 |

18.     An HSI agent conducted a background investigation on three Wells Fargo bank accounts associated with Waite.  One of these accounts was Waite's solely owned account; the other two were business accounts for Hanover Properties, LLC, for which Waite was a signer. In documents on file with the California Secretary of State, Waite is the registered agent of Hanover Properties, LLC.

19.     Analysis of the bank records showed a pattern of large cash and check deposits being made into the three accounts associated with Waite.  For example, from February 29, 2016 through June 8, 2016, there were 60 cash deposits into the three accounts, ranging from $200.00 to $61,500.00, and totaling $186,808.00.  The deposits were made at bank locations in California, Connecticut, Indiana, and Oregon.  The deposit activity was frequently followed by cash withdrawals and bank check purchases.  From February 29, 2016 through June 8, 2016, there were nine bank check purchases ranging from $5,000.00 to $40,000.00, totaling $172,000.00, made payable from Waite to Hanover Properties, LLC.  In addition, for that same time period, there were 25 suspicious debit card purchases totaling $9,019.00 for air travel, hotel stays, and shipping expenses.

20.     The bank records did not establish any legitimate purpose to support the often circular movement of funds.  In the HSI agent's training and experience, such a pattern of

banking activity was indicative of funnel account activity and money laundering; and the suspicious debit purchases for travel and shipping were consistent with activities to facilitate the interstate movement of controlled substances.   In addition, according to a bank referral, a February 12, 2016 cash deposit of $3,000.00 into one of the accounts associated with Waite smelled of marijuana.

## ADMINISTRATIVE FORFEITURE PROCEEDINGS

21.     DHS-CBP mailed a timely notice of seizure to Waite, notifying him of the agency's intent to pursue administrative forfeiture of the Defendant Currency.   The notice gave Waite the options to file a petition for administrative reconsideration, submit an offer in compromise, abandon the property, or file a claim requesting referral for court proceedings.

22.     On December 7, 2018, DHS-CBP received a timely claim from Waite, through his attorneys, claiming the entire $179,100.00 and requesting referral for court proceedings. Waite's claim stated that he was a resident of Chico, California, and provided an address for Waite that was identical to the address on file with the California Secretary of State for Hanover Properties, LLC.   Waite's claim stated that at the time of the seizure, his address had been in Los Molinos, California.   Waite's claim stated that he was traveling from Indianapolis to California "in order to buy a property," without any elaboration as to the particular property. Waite's claim did not explain either of the following:   his reason for having obtained or possessed the Defendant Currency in Indianapolis; and why, if he was a California resident who intended to buy property in California, he had traveled to Indianapolis in the first place.

23.     No other claims or petitions were received for the Defendant Currency.   After the time for filing claims and petitions administratively expired, DHS-CBP referred the matter to the United States Attorney to initiate a judicial forfeiture action.   The District Court granted three

extensions of time, to and including June 5, 2019, for the United States to complete its investigation and file this Complaint.

## PERTINENT STATUTES AND REGULATIONS

24. Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to manufacture, distribute, or dispense – or possess with intent to manufacture, distribute, or dispense – a controlled substance.

25. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

26. The United States, to meet its burden under 21 U.S.C. § 881(a)(6), does not need to connect the Defendant Currency to a specific drug transaction, but may meet its burden by circumstantial evidence showing a connection to drug trafficking generally.  *United States v. Funds in the Amount of $100,120*, 901 F.3d 758, 768 (7th Cir. 2018).   A trained drug detection canine's positive alert is probative evidence that currency is not innocently tainted, but instead tainted through contact or close proximity to illegal controlled substances.  *United States v. Funds in the Amount of $30,670*, 403 F.3d 448, 461 (7th Cir. 2005).

27. Under 18 U.S.C. § 1956, Laundering of Monetary Instruments, it is unlawful for any person—with the intent to promote the carrying on of unlawful activity; to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity; or to avoid a transaction reporting requirement under state or federal law—to conduct or attempt to conduct a financial transaction involving property

represented to be the proceeds of specified unlawful activity or property used to conduct or facilitate specified unlawful activity.  18 U.S.C. § 1956(a)(3).  The definition of specified unlawful activity includes, among other things, the manufacture, importation, sale, or distribution of a controlled substance.  18 U.S.C. § 1956(c)(7)(B)(i).

28. Under 18 U.S.C. § 981(a)(1)(A), any property involved in the transaction or attempted transaction in violation of 18 U.S.C. § 1956, or any property traceable to such property, shall be subject to forfeiture to the United States.

## CLAIM FOR RELIEF

29. Based on the facts alleged above, the Defendant Currency constitutes "moneys … furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*]," and is subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6).  In addition, based on the facts alleged above, the Subject Currency is "property . . . involved in a transaction or attempted transaction in violation of [18 U.S.C. §] 1956," that being the federal crime of Laundering of Monetary Instruments, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property forfeited to the United States for disposition according to law; and that the United States be granted all other just and proper relief.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:  *s/Eric P. Babbs*
Eric P. Babbs
Special Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, Daron S. Babcock, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: ___06/03/2019_____          _____
                                    Daron S. Babcock
                                    Special Agent, HSI

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:19-cv-02237 |
| ) | |
| $179,100.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**WARRANT FOR ARREST OF PROPERTY**

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 5th day of June, 2019, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against one hundred seventy-nine thousand and one hundred dollars in United States Currency ("$179,100.00"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency into the possession of the United States of America, to be detained in the possession of the United States or its designee until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.